Eastern Dist.
*Febr'y* 1829.

McMICKEN vs. RILEY & AL.

McMICKEN
*vs.*
RILEY & AL.
A dm'rs.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. The defendants are stated in the petition, to have been appointed administrators in the state of Mississippi of a debtor of the petitioners, named Samuel Riley. The petition sets out the cause of action to be a debt due by the intestate in his life time; and avers that the defendants have taken into their possession the whole of his estate, and by doing so, have made themselves responsible by the laws of Mississippi for the debt due the plaintiff. It concludes with a prayer that an attachment may issue against the goods and chattels, &c. of the defendants. "And that it be ordered, adjudged and decreed, that the said John Y. Riley, and the said Henry Cage pay to your petitioner, the said sum of $923, with interest and costs."

The defendants pleaded as exceptions to the action,

1. That there was no cause of action set forth in the petition against them.

When the appellee is absent, and has two attorneys on record, the citation may be served on either.

When the Judge certifies, the presumption is that the counsel did not agree.

The law has not fixed the period during which the Judge may certify.

2. That they were only administrators of the estate, and not liable individually.

3. Sundry errors apparent on the face of the proceedings.

4. The insufficiency of the affidavit.

5. The pendency of another suit, for the same cause of action, in the state of Mississippi, as administrators.

6. Because the property of the defendants is not liable or bound for the payment of another person's debt.

In addition to these exceptions an answer was put in containing the general issue; a repetition of the allegations already set forth in the exceptions, that a suit for the same cause, and between the same parties, was pending in the state of Mississippi, and a prayer in reconvention.

The exceptions were overruled, and the case tried on its merits by a jury, who found for the plaintiff. The court confirmed the verdict, and the defendants appealed.

The appellee has moved in this court to dismiss the appeal on three several grounds.

1. Because there has been no sufficient legal service of the citation of appeal, nor any legal return to shew the service.

2. Because there is no statement of facts,
nor any thing answering in a sufficient legal
form to supply the defect.

3. Because there is not a legal and proper
certificate of the judge *a quo*, that the record
contains all the facts on which the cause was
tried.

1. The return of the sheriff is in the following
words: "Served 16 September, 1828, a copy
of this citation of appeal on Isaac Johnson,
esq. one of the attorneys for Charles McMick-
en, who is at present residing out of the state of
Louisiana; also a certified copy of appellants pe-
tition of appeal in the town of St. Francisville."
The 282d article of the code of practice, states
that "the sheriff shall serve the petition and
citation on the appellee if he reside within the
state, or his advocate, if he do not, by deliv-
ering a copy of the same to such appellee or
his advocate, or by leaving it at the place of
their usual domicil."

Where there are two attorneys on record, as
was the case here, we think a service on one
of them, is a compliance with both the letter
and spirit of the law. The return of the offi-
cers states the appellee to be a non-resident of

Eastern Dist
Feb'ry 1829.

McMICKEN
vs.
RILEY & AL.

the state at the time of the service, and this appears to us sufficient under the code of practice. By the law as it stood previous to that code being adopted, the absence of the party, and the authority of the attorney, must have been shown by a special affidavit. But these seem to be no longer required.

II. The judgment was rendered the 7th May, 1828. The certificate of the judge is of the 20th November of the same year, and is in the following words: "I certify that the record in this case contains all the evidence adduced by the parties on the trial thereof."

The first objection made to this certificate is, that by the provision of the code of practice, the judge is not permitted to give a certificate except when the parties disagree, and that there is no evidence here that the event had occurred which authorized him to act. This objection was taken in the case of *Gayoso* vs. *Garcia*, on provisions of law similar to those contained in the code of practice; we were then of opinion, that the judge must be presumed to have given his certificate on the occurrence of those events which empowered him to make it, and that if the fact were oth-

Eastern Dist
Feb'ry 1829,
McMicken
vs.
Riley & al.

erwise, it was the duty of the appellee to establish it. Officers of such high station, in whom the law reposes so much confidence, cannot be presumed to have volunteered their services in cases where the law did not enable them to act. 1 *n. s.* 324.—*See also vol.* 12, 534, *Trepagnier's heirs* vs. *Butler.*

The next objection made to the certificate is the time at which it was made out. It appears to have been given six months, and more after the judgment was signed.

The act of the legislature which first provided the mode of enabling this court to revise the decisions of inferior tribunals on questions of fact, after prescribing the different modes by which a statement could be made, contained a clause to this effect, "which statement may be made at any time before judgment at the request of one of the parties."

A case soon arose under this enactment, and was brought before the court, who were of opinion that a statement made *after* judgment could not enable the appellant to have the decision of the inferior tribunal examined. The reasons in favor of the policy and wisdom of such a rule, and those which shewed

Eastern Dist
Feb'ry 1829.

McMicken
vs.
Riley & al.

the construction to be the true legal interpretation of the act, are given at length in the case as reported, and they appear to us still correct. *3 Martin*, 201.

In the year 1817, the legislature declared that whenever all the facts proved in a suit shall appear on the record by the written documents filed in the same, it shall be sufficient that the judge below do certify that the record contains all the matters on which the case was tried in the first instance. *Acts of* 1817, *p.* 34, *sect.* 13.

The act not having specified any time at which the judge might give this certificate, it was held by this court he might do it at any time; when the cause was tried on written documents.

The 586 article of the code of practice is in these words. "If the testimony produced in the cause have been taken in writing, and if the record contain all the evidence produced in the suit, the judge shall certify at the foot of the records, that they contain all the evidence adduced by the parties, otherwise he must make a statement of facts in the manner hereinafter provided."

The expressions of the article in relation to the certificate of the judge are the same as those contained in the act of 1817. No time is prescribed at which he shall give it. The only difference in the enactment is, that now he may certify when the parol evidence is reduced to writing, formerly he could not do so, unless the cause was tried on written documents.

As, therefore, no limitation is fixed to the time in which this certificate may be given, this court cannot make one. With the wisdom of the rule, we have nothing to do. We must obey it in the sense in which we understand the legislature to have passed it.

It appears to us that on the merits there is no cause of action against the defendants in their individual capacity. The petition states they were appointed administrators in the state of Mississippi. No law of that state has been produced in evidence which makes the acceptance and acting in such an office a ground of personal responsibility. Nothing is averred or proved, which would make them responsible by the laws of our state.

EasternDist.
*Feb'ry,* 1829.

McMicken
*vs.*
Riley & al.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed, that there be judgment for the defendants as in case of non-suit, with costs in both courts.

*Tunrer* for plaintiff.

*Watts* for defendants.